IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM A. FISCHER CARPET CO., INC. a/k/a WM. A FISCHER CARPET CO., INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:22-CV-1540<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1.　　Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Keystone+ Mountain+ Lakes Regional Council of Carpenters and its affiliated local unions (hereinafter "Carpenters' Union"), an employee organization.

2.　　Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3.　　Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4.　　The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such Funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant William A. Fischer Carpet Co., Inc. a/k/a Wm. A Fischer Carpet Co., Inc. ("Contractor" or "Defendant") is engaged in the construction business and maintains its principal place of business at 4075 Windgap Avenue, Building 10, Pittsburgh, PA 15204.

6. Defendant Contractor has entered into a labor agreement ("Agreement") with the Carpenters' Union pursuant to which Defendant was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. Defendant Contractor has failed to make timely payments of principal contributions to Plaintiff for the period of March 2021 through August 2022, in violation of the Agreement, which has resulted in a principal deficiency of $58,509.73.  Employer is obligated to submit to the Funds its September 2022 report with payment by October 30, 2022 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $15,000.00.

8. Because Defendant has not submitted its September 2022 report and such is now overdue, the Fund estimates an additional $15,000 is owed in principal, totaling $73,509 in a principal delinquency owed.

9. In addition, interest on the principal delinquency is due, totaling $9,676.05 through November 1, 2022 and contractual/liquidated damages of $29,770.50 are due, for a total deficiency of $112,956.28.  Interest will continue to accrue after November 1, 2022 at the rate of $30.21 per day.

10. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted or due to be submitted by Defendant Contractor to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed to the Funds by Contractor, interest will be assessed on the principal amount thereof at 1

¼% per month and liquidated/contractual damages will also be assessed at ten percent (10%) times the principal amount owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

11. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

12. Pursuant to ERISA, defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees and expenses total $22,591.26 through November 1, 2022.  Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

13. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

14. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of

assets; and

    (b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from September 2022 through the present; and

    (c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

    (d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $135,547.54, plus such additional amounts shown to be owed to Plaintiff until termination of this case, including interest, contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

    (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

    (f) For such other and further relief as the Court may deem just.

              TUCKER ARENSBERG, P.C.

              *s/Neil J. Gregorio*
              Neil J. Gregorio, Esquire
              PA I.D. #90859
              Ian M. Grecco, Esquire
              PA I.D. #324372

              1500 One PPG Place
              Pittsburgh, PA 15222
              (412) 566-1212

              Attorneys for Plaintiff,
              Carpenters Combined Funds, Inc.